United States District Court
for the
Southern District of Florida

| Grace Wu and Chris Ding, | ) | |
|---|---|---|
| individually and as parents and | ) | |
| natural guardians of S.D., Plaintiffs, | ) | |
| | ) | Civil Action No. 16-22270-Civ-Scola |
| v. | ) | |
| | ) | |
| NCL (Bahamas) Ltd., Defendant. | ) | |

## Order on Defendant's Motion to Dismiss

Plaintiffs Grace Wu and Chris Ding bring this suit individually and as parents of S.D., a minor, against NCL (Bahamas) Ltd. ("NCL") for bodily injury and emotional distress suffered by the Plaintiffs while on board a ship owned by NCL. This matter is before the Court on Defendant NCL's motion to dismiss Counts Two and Three of the Complaint. (ECF No. 15). For the reasons set forth in this Order, the Court **grants in part** the Defendant's motion to dismiss.

1. **Background**

The Complaint alleges that, on or about June 15, 2015, the Plaintiffs sailed on the Defendant's ship, Norwegian Sun. (Compl. ¶¶ 10-11, ECF No. 1.) On June 18, 2015, Grace Wu and Chris Ding took S.D. to the "Kid's Korner," an area on the ship designated for children. (*Id.* ¶¶ 11, 15.) S.D was eleven years old. (*Id.* ¶ 12.) An NCL employee nicknamed "Jumper" led a group of children, including S.D., in a game called "Pictionary." (*Id.* ¶ 15.) S.D., following Jumper's directions, ran towards a set of stairs and tripped over a bean bag that was partially blocking the entrance to the stairs. (*Id.*) S.D.'s mouth struck one of the steps. (*Id.*) The impact fractured S.D.'s front right tooth and caused the nerve root of the tooth to be exposed, which subluxed an adjacent tooth. (*Id.*) When Grace Wu and Chris Ding came to pick up S.D., S.D. was crying and her tooth was severely chipped. (*Id.* ¶ 16.)

On June 17, 2016, the Plaintiffs filed this suit against NCL, asserting claims for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. The Defendant has moved to dismiss the Plaintiffs' claims for intentional infliction of emotional distress and negligent infliction of emotional distress. (Mot. to Dismiss, ECF No. 15.)

## 2. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

## 3. Analysis
### A. Intentional Infliction of Emotional Distress

The parties agree that this matter is governed by maritime law. (Mot. to Dismiss 1, ECF No. 15; Pl.'s Resp. 1, ECF No. 29.) Courts sitting in admiralty typically look to the standards set out in the Restatement (Second) of Torts § 46 (1965) as well as state law to evaluate claims for intentional infliction of emotional distress ("IIED"). *See, e.g., Wallis v. Princess Cruises, Inc.,* 306 F.3d 827, 841 (9th Cir. 2002) (citations omitted) (noting that since there is no maritime law concerning IIED claims, courts regularly employ the Restatement (Second) of Torts to evaluate IIED claims in federal maritime cases); *Stires v. Carnival Corp.,* 243 F.Supp.2d 1313, 1319 (M.D. Fla. 2002) (citing to both the Restatement (Second) of Torts and Florida state law in case asserting claim for IIED for tort that occurred on a cruise ship).

Section 46 of the Restatement (Second) of Torts states, in relevant part, that "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." To state a claim for IIED under Florida law, a plaintiff must show: (1) deliberate or reckless infliction of mental suffering; (2) outrageous

conduct; (3) that the conduct caused emotional distress; and (4) that the distress was severe. *Nettles v. City of Leesburg Police Dep't*, 415 Fed. App'x. 116, 122 (11th Cir. 2010) (quoting *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990)). Here, NCL argues that the Plaintiffs' allegations fail to rise to the level of outrageous conduct necessary to state a claim for IIED. (Mot. to Dismiss at 4-5, ECF No. 15.)

The Complaint alleges that NCL "deliberately and/or recklessly inflicted emotional distress" on the Plaintiffs by "failing to utilize employees in the 'Kid's Korner'. . . who would monitor the Kid's Korner so that it would be clear of hazards and objects which would not be readily perceived by an eleven year old child. . . ." (Compl. ¶ 28, ECF No. 1.) The Complaint alleges that NCL "actively decided not to train or monitor its staff" and that NCL's misconduct is "wholly intentional and calculated to save NCL money while greatly increasing the risk to its passengers." (*Id.* ¶ 29.) Finally, the Complaint alleges that NCL's conduct is outrageous and shocking because it invites children into the Kid's Korner "knowing that many will become injured and knowing that the incident(s) could easily be prevented." (*Id.* ¶ 31.)

The Defendant's alleged conduct fails to rise to the level of outrageousness required by the Restatement (Second) of Torts and Florida state law. "Outrageous" conduct is that which "goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community." *Rubio v. Lopez*, 445 Fed. App'x. 170, 175 (11th Cir. 2011). The Restatement of Torts and Florida courts have stated that:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.

Restatement (Second) of Torts, § 46, cmt. d; *Brown v. Zaveri*, 164 F. Supp. 2d 1354, 1362 (S.D. Fla. 2001) (citations omitted).

Notably, the cause of action for IIED is "sparingly recognized by the Florida courts." *Vamper v. United Parcel Service, Inc.*, 14 F. Supp. 2d 1301, 1306 (S.D. Fla. 1998). A plaintiff alleging IIED faces an extremely high burden, as Florida courts have repeatedly found a wide spectrum of behavior insufficiently "outrageous." A brief survey of Florida and maritime cases addressing claims of IIED underscores this point. *See, e.g., Rubio v. Lopez*, 445 Fed. App'x. at 175 (finding failure to allege sufficient outrageous conduct where deputy sheriff hobble-tied arrestee on black asphalt pavement in sun, resulting in second-degree burns to face and chest); *Wallis*, 306 F.3d at 842 (finding no

outrageous conduct where crew member on cruise ship remarked in the plaintiff's hearing after her husband fell overboard that her husband was probably dead and that his body would be sucked under the ship, chopped up by the propellers, and would probably not be recovered); *Garcia v. Carnival Corp.*, 838 F.Supp.2d 1334, 1339 (S.D. Fla. 2012) (Moore, J.) (finding no outrageous conduct where crew members assaulted cruise passenger and prevented her from leaving her room for a period of time); *Vamper*, 14 F. Supp. at 1306–07 (finding no outrageous conduct where defendants fabricated reckless driving charge against plaintiff, called him the "n" word, threatened him with termination, and physically struck him on ankle).

Even construing the facts in the light most favorable to the Plaintiffs, NCL's alleged conduct is not such that it "goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community." *See Rubio*, 445 Fed. App'x. at 175. The Plaintiffs' allegations simply do not rise to the level of outrageousness required by the applicable case law. Therefore, the Court grants the Defendant's motion to dismiss Count Two of the Complaint.

### B. Negligent Infliction of Emotional Distress

A claim for negligent infliction of emotional distress ("NIED") requires an adequately pled underlying claim of negligence. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In addition, an NIED claim "requires mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another. . . ." *Id.* at 1337-38 (quoting *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 544 (1994)). Federal maritime law utilizes the "zone of danger" test. *Id.* The zone of danger test permits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct. *Tassinari v. Key West Water Tours, L.C.*, 480 F.Supp.2d 1318, 1323 (S.D. Fla. 2007) (Moore, J.) (citing *Consol. Rail Corp.*, 512 U.S. at 547-48). In addition, the zone of danger test permits recovery for NIED if "a plaintiff is placed in immediate risk of physical harm by defendant's negligent conduct." *Chaparro*, 693 F.3d at 1337-38 (internal quotations and citations omitted).

Here, the Complaint does not allege that Grace Wu and Chris Ding were placed in immediate risk of physical harm by NCL's negligent conduct. Rather, the Complaint indicates that Grace Wu and Chris Ding were not present when S.D. fell, because the Complaint alleges that it was when they picked up S.D. from the Kid's Korner that they found that her tooth was chipped. (Compl. ¶ 16, ECF No. 1.) Therefore, Grace Wu and Chris Ding cannot assert a claim for NIED.

However, the Defendant does not address whether the Plaintiffs can state a claim for NIED on behalf of S.D. (Mot. to Dismiss at 5-6, ECF No. 15.) The

Complaint alleges that "NCL's negligent conduct. . .caused the Plaintiffs and their minor child severe mental and emotional anguish and harm." (Compl. ¶ 35, ECF No. 1.) Recovery for NIED by plaintiffs who have suffered actual physical harm is "generally liberally granted." *Tassinari*, 480 F.Supp.2d at 1323 (citing *Norfolk and Western Ry. Co. v. Ayers*, 538 U.S. 135, 146-49 (2003)). Since the Plaintiffs have alleged that S.D. "suffered severe mental and emotional anguish and harm," the Court must next analyze whether the Complaint adequately pleads a claim for negligence.

"To plead negligence in a maritime case, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Carribean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014). The duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *Thomas v. NCL (Bahamas), Ltd.*, 203 F.Supp.3d 1189, 1192 (S.D. Fla. 2016) (Williams, J.). However, "[w]here a cruise ship operator created the unsafe or foreseeably hazardous condition, a plaintiff need not prove notice in order to show negligence." *Long v. Celebrity Cruises, Inc.*, 982 F.Supp.2d 1313, 1317 (S.D. Fla. 2013) (Torres, J.)

The Complaint alleges that NCL had a duty to passengers to: (1) maintain its premises in a reasonably safe manner under the circumstances, (2) exercise reasonable care and effort to avoid subjecting the Plaintiffs to suffering or inconvenience, and (3) warn the Plaintiffs of dangerous conditions that existed in places where NCL knew, or should have known, that the Plaintiffs would visit. (Compl. ¶¶ 20-21, ECF No. 1.) The Complaint alleges that NCL breached these duties by failing to use reasonable care and ensure that the floor of the Kid's Korner was clear of hazards and objects which would not readily be perceived by an eleven-year-old child, and failing to warn S.D. that the bean bag was in front of the stairs. (*Id.* ¶¶ 22-23.) The Complaint alleges that the hazardous condition was either known to the Defendant or had existed for a sufficient length of time that Defendant should have known of it. (*Id.* ¶ 25.) Finally, the Complaint alleges that the Defendant's negligence caused S.D.'s injuries. (*Id.* ¶ 26.) Therefore, the Complaint sufficiently alleges the elements of a negligence claim. Indeed, the Defendant has not moved to dismiss the Plaintiffs' claim for negligence.

Since the Plaintiffs have alleged facts sufficient to state a claim for negligence and have alleged that S.D. has suffered mental and emotional

anguish and harm, the Plaintiffs have sufficiently stated a claim for NIED with respect to S.D.

### C. Conclusion

Accordingly, the Court **grants in part** the Defendant's motion to dismiss (ECF No. 15). The Court **dismisses with prejudice** Count Two of the Complaint, and **dismisses with prejudice** Count Three of the Complaint with respect to Grace Wu and Chris Ding. However, the Court declines to dismiss Count Three with respect to S.D.

**Done and ordered** in chambers, at Miami, Florida, on April 10, 2017.

Robert N. Scola, Jr.
United States District Judge